```
              UNITED STATES BANKRUPTCY COURT
                MIDDLE DISTRICT OF FLORIDA
                   JACKSONVILLE DIVISION
```

In re:

    Sean Patrick Brown,          Case No: 3:09-bk-10302-PMG

        Debtor.
_____/

## AMENDED CHAPTER 13 PLAN

The Debtor(s) submit the following Amended Chapter 13 Plan.

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Bankruptcy Court and the Debtor(s) shall pay to the Trustee the sum of $866.66 per month for 60 months.

2. From the payments so received, the Trustee shall make disbursements as follows:

    **A.    PRIORITY CLAIMS**

        1. The fees and expenses of the Trustee shall be paid over the life of the Plan at the rate established by the United States Trustee.

        2.    Priority IRS Tax Claims: None

        3.    Other Priority Claims:

            St. Johns County Tax Collector is owed in the principal amount of $2,056.59 for 2009 Real Estate Taxes. The trustee shall make payments of $68.31 for 36 months until paid in full. This payment includes interest at the rate of 12% per annum.

            St. Johns County Tax Collector is owed $3,158.95 for 2008 Real Estate Taxes. The trustee shall make payments of $104.92 for 36 months until paid in full. This payment includes interest at the rate of 12% per annum.

    B.    **SECURED CLAIMS**

>Wachovia Bank of DE/FTU holds a Purchase Money security interest on property of the Debtor(s) (Manufactured Home - Triplewide, VIN 2T630121VA, 2T630121VB, and 2T630121VC). Wachovia is owed the principal amount of $28,000.00. The trustee shall make payments in the amount of $541.32 for 60 months until paid in full. This payment includes interest at the statutory rate of 6% per annum.

    C.    **UNSECURED CLAIMS**

    The trustee shall distribute all remaining sums pro rata among those unsecured creditors whose claims are timely filed and allowed, including secured creditors who have deficiency claims or whose liens have been avoided. The Debtor(s) estimate the amount distributed on these claims under this plan is approximately $8,084.16. If this case were liquidated under Chapter 7, the Debtor(s) estimate unsecured creditors would receive approximately $0.00.

    3.    The Debtor(s) rejects all executory contracts.

    4.    Title to all property of the estate shall revest in the Debtor(s) upon confirmation of this Plan.

    5.    All creditors shall retain their liens to the extent permitted by 11 U.S.C. § 506(d).

    6.    Each allowed secured mortgage claim account shall be deemed current as of the date of confirmation for the purpose of requiring annual timely escrow account statements.

    7.    Any claims filed after the claims deadline, shall receive no distribution under this Plan unless specifically provided for above. This shall not apply to claims filed by the Debtor(s). Governmental units shall have 180 days from in which to file a claim with the court.

    8.    Any post petition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon the

completion of the Plan by the Debtor(s), unless specifically provided for by an order of the Court on motion filed prior to completion of the Plan.

9. Debtor(s) shall have thirty days after the claims bar date to file any Motions to Value or Objections to Claims that have been timely filed. Any Order Confirming or Modifying the Plan will not be res judicata as to any Motions or Objections to timely filed claims brought pursuant to this paragraph.

10. *Except as provided for in the plan, the order confirming the plan or other court order, no interest, later charges, penalties or attorney's fees will be paid to or accessible by any secured creditor. 11 U.S.C. § 1327(a) provides:*

> *"The provisions of a confirmed plan bind the _debtor and each creditor, whether or not the claim creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."*

*Once Debtor(s) successfully completes the Chapter 13 plan and a discharge is entered by the Court, NO SECURED CREDITOR WILL BE ALLOWED TO ADD LATE CHARGES, PENALTIES, INTEREST OR ATTORNEY'S FEES FROM THE BEGINNING OF TIME THROUGH THE DATE OF DISCHARGE.*

**DATED: January 25, 2009**

Rusty Law, LLC

/s/ Lerone M. Thurston
Lerone M. Thurston
Florida Bar Number 45802
3700 US Highway 1 South
Saint Augustine , FL   32086
Tel: 904-797-9600
Fax: 888-395-5034
lerone@rustylaw.com
Attorney For Debtor(s)