UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:  
SEAN BROWN,

CASE NO.: 3:09-bk-10302-PMG  
Chapter 13

Debtor.

_____/

### AGREED ORDER DENYING DEBTOR'S MOTION TO VALUE IN PART AND GRANTING IN PART

THIS MATTER is scheduled to come before the Court on October 1, 2010 upon the Debtor's Motion to Value Secured Claim #6 of WELLS FARGO BANK, N.A. as successor in interest to WACHOVIA BANK, N.A. ("WELLS") (CP 33), and the Court having reviewed the file and been advised of the agreement amongst the parties, it is:

**ORDERED AND ADJUDGED as follows:**

1. The Debtor's Motion to Value Collateral with WELLS is hereby DENIED in part and GRANTED in part. The value of the real property described below shall be determined to be $45,911.22.

2. By entry of this Order the Debtor's Amended Chapter 13 Plan shall be modified and/or amended to provide the following treatment of WELLS's secured claim on the Debtor's motor home (hereinafter "Vehicle"), more fully described as follows:

**2006 Skyline Lexington 7524 Mobile Home,  
Serial Number 2TG30121VA**

a). An allowed secured claim perfected by the lien on the Debtor's Vehicle in the amount of $45,911.22, that will be deemed current and paid outside the Amended Chapter 13 Plan, with interest at 6.50% per annum, at the rate of **$521.31** per month beginning on **August 15, 2010**, and continuing thereafter on the 15th day of each month

until paid in full on or before July 15, 2020. As of the date of this Order, there shall be no automatic stay as to this claim as it is being paid outside the Plan.

b). An allowed unsecured claim on the deficiency balance under the mortgage on the Debtor's Vehicle in the amount of $64,131.86 to be paid through the Amended Chapter 13 Plan on a pro rata basis with all other allowed unsecured claims.

c). The Debtor shall reference account **#0611490352** and forward all payments to WELLS at:

> Wells Fargo Bank, N.A. as successor in by merger to
> Wachovia Bank, N.A.
> P.O. Box 13765, R4057-01P
> Roanoke, VA 24037

d). WELLS shall hereinafter be authorized, but not obligated, to send monthly statements to the Debtor.

3. To the extent that the Debtor's schedules are inconsistent with this Order, the schedules are hereby amended by interlineation pursuant to this Order.

4. In the event this Chapter 13 Bankruptcy is dismissed or a subsequently converted Chapter 7 Bankruptcy is dismissed, then WELLS will retain all of its rights under the Promissory Note and State law as though no bankruptcy had ever been filed.

5. Should the Debtor default under the terms of this Order and/or the Promissory Note, as set forth above, then WELLS may serve a Notice of Default indicating the nature and extent of the failure of the Debtor to comply with this Order and or the terms of the Note. The notice shall be in writing and may be sent by U.S. Mail, postage prepaid and first class. Upon the failure of the Debtor to cure the default within ten (10) days of the service of such a notice, WELLS shall be entitled to entry of an order granting relief from the automatic stay to pursue its remedies in the collateral, without further notice or hearing.

6.  The hearing scheduled on the Debtor's Motion to Value scheduled on October 1, 2010 at 9:00 a.m. is hereby canceled.

Dated _August 23, 2010_.

_____
Paul M. Glenn
Chief United States Bankruptcy Judge

**Submitted by:**
Craig I. Kelley, Esquire
KELLEY & FULTON, P.A.
1665 Palm Beach Lakes Blvd
Suite 1000
West Palm Beach, FL 33401
Tel. No. (561) 491-1200
Fax No. (561) 684-3773
e-mail: craig@kelleylawoffice.com

**Copies furnished to:**

*Craig I. Kelley is directed to serve a copy of this order on the parties listed below and file a Certificate of Service with the Court.*

**Sean Patrick Brown**
10570 Ebert Avenue
Hastings, FL 32145-9168

**Lerone Thurston**
Rusty Law LLC
3700 US Highway 1 South
St. Augustine, FL 32092

**Douglas W. Neway**
P O Box 4308
Jacksonville, FL 32201

**Office of US Trustee**
135 W. Central Blvd., Ste 620
Orlando, FL 32801